UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD WILLIAMS,

    Petitioner,

v.                                                                 Case No. 02-73623

MICHIGAN DEPARTMENT OF            HONORABLE AVERN COHN
CORRECTIONS,

    Respondent.

_____/

## MEMORANDUM AND ORDER
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Richard Williams ("Petitioner") was convicted of car jacking, fleeing and eluding a police officer, and felonious assault. He was paroled on April 20, 2006 and is currently under the supervision of the Michigan Department of Corrections while living in Columbus, Ohio. Petitioner has filed a pro se petition for a writ of habeas corpus. From what can be gleaned from the petition, Petitioner claims a violation of Michigan's Criminal Procedure Extradition Act, that he was denied the effective assistance of counsel, and that his rights were violated when a police officer shot him in the head in following a vehicular pursuit and law enforcement conspired to cover up the circumstances surrounding the shooting. Respondent says that the petition is time-barred and lacks merit. The Court agrees. For the reasons that follow, the petition will be denied.

II. Facts and Procedural History

On June 5, 2001, Petitioner was convicted of the above offenses in state court. On July 5, 2001, Petitioner was sentenced to concurrent terms of eight years imprisonment, three to five years imprisonment, and one to three years imprisonment on those convictions. Petitioner filed a direct appeal, raising claims concerning the admission of an allegedly involuntary confession and his constitutional and statutory right to a speedy trial, but failed to raise the habeas corpus claims. On August 26, 2006, while his appeal was still pending in the state court, Petitioner filed a habeas petition in federal court. On September 17, 2002, the Court dismissed the petition without prejudice on the grounds that Petitioner had failed to exhaust his state court remedies. The Michigan Court of Appeals affirmed his conviction. People v. Williams, No. 235551 (Mich. Ct. App. Feb. 14, 2003). Rehearing was denied on April 16, 2003. Petitioner did not file an application for a leave to appeal this decision to the Michigan Supreme Court.

On September 9, 2003m Petitioner filed a motion in state court for relief from judgment under to M.C.R. 6.500 *et seq*. Petitioner asserted claims concerning violations of his constitutional right of due process, violations of extradition laws, prosecutor misconduct, the arrest by the Monroe County Sheriff's Department, and failure of counsel to raise various issues on appeal. The trial court denied the motion on October 6, 2003. Petitioner filed an appeal. The Michigan Court of Appeals dismissed his appeal for lack of jurisdiction since, a criminal defendant may only challenge an order denying a motion from relief from judgment by filing an application for leave to

2

appeal. People v. Williams, No. 251441 (Mich. Ct. App. Dec. 4, 2003). Petitioner did not seek leave to appeal the Court of Appeals decision in the Michigan Supreme Court.

On February 25, 2005, the Michigan Court of Appeals received an undated habeas petition from the Petitioner. The petition challenged the extradition from Michigan to Ohio and was returned unfiled on March 10, 2005 for procedural deficiencies. Although not clear from the record as to whether the petition was accepted for filing, the State answered the petition on July 5, 2005. The court of appeals dismissed the petition. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. Williams v. Department of Corrections, No. 129604 (Mich. Dec. 27, 2005).

On February 27, 2006, Petitioner, claiming to have exhausted his state court remedies, filed a motion in federal court to re-open his habeas case. On March 6, 2006, the Court re-opened of the case and directed service. At that time, Petitioner was in state custody; the complaint was not properly served. On April 20, 2006, Petitioner was paroled. On January 25, 2007, the Court amended the caption to name the Michigan Department of Corrections as the proper Respondent and directed service. On April 27, 2007, Respondent answered the petition, arguing that it is time-barred and lacks merit.

### III. Analysis

#### A. Statute of Limitations

28 U.S.C. § 2244 sets forth a one-year period of limitations for petitions brought by state prisoners, stating:

> (1) A 1-year period of limitations shall apply to an application of a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B. Application

Respondent says that the statute of limitations began to run on June 12, 2003, 56 days[1] after the Michigan Court of Appeals denied rehearing on Petitioner's direct appeal and ran for 89 days until September 9, 2003 when Petitioner filed the motion for relief from judgment. At that point, the statute was tolled until March 17, 2004, 56 days after the Michigan Court of Appeals denied reconsideration. The statute, which already had run for 89 days, expired on December 19, 2004.

The Court agrees with Respondent's calculation. As the timeline attached as Appendix A shows, Petitioner's right to sue expired on December 19, 2004. Moreover, Petitioner's state habeas petition was not received until February 25, 2005, 69 days

---

[1]M.C.R. 7.302(C) provides that applications for leave to appeal in criminal cases must be filed within 56 days.

4

after the resolution of his motion for relief from judgment, and after the statute expired. Moreover, Petitioner waited 90 days after his state habeas petition was denied, and over a year after the statute expired.

### C. Other Grounds for Relief

Petitioner has not presented any grounds demonstrating he is entitled to equitable tolling. See Dunlap v. United States, 250 F. 3d 1001, 1008-09 (6th Cir. 2001).[2]

Finally, even if Petitioner's claims were not time-barred, they lack merit. First, his claim concerning improper extradition alleges only an error of state law not cognizable on habeas review. Second, Petitioner provides no factual support for his claim of ineffectiveness of counsel. Lastly, the fact that he was shot in the head or whether there was an alleged conspiracy to cover it up is unrelated to his conviction.

### IV. Conclusion

---

[2]In Dunlap, the Court of Appeals for the Sixth Circuit held that habeas petitions are subject to equitable tolling under the five-part test set forth in Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988) which provides:
> (1)the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

A petitioner has the burden of demonstrating that he is entitled to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002).

For the reasons stated above, the petition is DISMISSED as barred by the statute of limitations.

SO ORDERED.

                                           s/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE

Dated: May 31, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Richard Williams, 2522 Arborview Drive, Columbus, OH 43229 on this date, May 31, 2007, by electronic and/or ordinary mail.

                                           s/Julie Owens
                                           Case Manager, (313) 234-5160

# APPENDIX A

| | |
|---|---|
| June 5, 2001 | Petitioner is convicted |
| July 5, 2001 | Petitioner is sentenced |
| April 26, 2002 | Petitioner files an appeal of his conviction with the Michigan Court of Appeals |
| August 26, 2002 | Petitioner files a habeas petition in federal court |
| September 17, 2002 | The Court dismisses the habeas petition on the grounds that he had not exhausted his state court remedies |
| February 14, 2003 | Petitioner's conviction is affirmed by the Michigan Court of Appeals |
| April 16, 2003 | Michigan Court of Appeals denies rehearing; Petitioner does not seek leave to appeal to the Michigan Supreme Court |
| June 12, 2003 | Statute of limitations begins to run [56 days after rehearing denied] |
| September 9, 2003 | Petitioner files a motion for relief from judgment pursuant to MCR 6.500. *The Statute of limitations is tolled.* [approximately 3 months (June to Sept) have already run] |
| October 6, 2003 | Trial court denies motion for relief from judgment |
| December 4, 2003 | Michigan Court of Appeals dismisses Petitioner's claim of appeal from the trial court's decision for lack of jurisdiction. |
| January 21, 2004 | Michigan Court of Appeals denies reconsideration; Petitioner does not seek leave to appeal to the Michigan Supreme Court |
| March 17, 2004 | Statute of limitations begins to run again [56 days after proceedings completed on January 21, 2004]. |
| December 19, 2004 | Statute of limitations expires [approximately 9 months later] |